FILED

2017 APR -6 PM 3:01

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ASHLEY SEIJOS,

Plaintiff,

vs.

CASE NO.: 6:17-cv-611-ORL-41-KRS

MONARCH RECOVERY
MANAGEMENT, INC.; and
DOES 1 to 10,

Defendant(s).
_______________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, ASHLEY SEIJOS ("Plaintiff"), through her attorneys, and brings this Complaint and Demand for Jury Trial ("Complaint") against Defendant Monarch Recovery Management, Inc. ("Defendant" or "Monarch") to stop Defendant's practice of **unlawful debt collection practices**. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorney.

## INTRODUCTION

1. Plaintiff's first cause of action is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC"). The TCPA was enacted to protect consumers from unsolicited telephone calls exactly like those alleged in this case.

2. Plaintiff's second cause of action is based upon the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (FDCPA). The FDCPA prohibits false or deceptive practices in connection with the collection of debts.
3. Plaintiff's third cause of action is based upon the Florida Consumer Collection Practices Act, FCCPA §559.72. The FCCPA prohibits communication with the debtor or the debtor's family with such frequency that it can be seen as harassing.

## JURISDICTION AND VENUE

1. Jurisdiction of the Court arises under 47 U.S.C. *§227* et seq. and 28 U.S.C. § 1331.
2. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)* in that a substantial part of the events or omissions giving rise to the claim occurred in this District.
3. Defendant transacts business here; personal jurisdiction is established.

## PARTIES

4. Plaintiff is a consumer as defined in 15 U.S.C. 1692a(3) who resides in Winter Springs, Seminole County, Florida.
5. Defendant is a debt collector with its principal place of business located at 10965 Decatur Road, Philadelphia, Pennsylvania 19154.
6. Defendant's principal purpose is the collection of debts and Defendant regularly collects or attempts to collect debts owed, or due, or asserted to be owed or due by another. Defendant regularly uses the telephone and mail to engage in the business of collecting debt in several states including Florida. Thus, Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).
7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

8. Defendant is attempting to collect an alleged debt from Plaintiff.

9. Upon information and belief, Defendant was calling to collect on a debt that was originally incurred with Old Navy.

10. In or around July 2016, Defendant began placing calls to Plaintiff's grandfather's ("Mr. Seijos") home phone number (954) 485-0038, in an attempt to collect an alleged debt from Plaintiff.

11. The calls originated from (844) 205-2138, and (844) 280-6008 upon information and belief these numbers are owned or operated by Defendant.

12. On or about July 29, 2016 at 9:19 am, Defendant informed Mr. Seijos that it was attempting to collect a debt and that they were looking for Plaintiff. Mr. Seijos told the representative that they had called the wrong number, and then hung up the phone.

13. On or about July 30, 2016 at 10:09 am, Mr. Seijos received another call from Monarch originating from (844) 205-2136. The representative, again, told Mr. Seijos that he was attempting to collect a debt and was looking for Plaintiff.

14. During the months of July 2016 and August 2016, Monarch contacted Mr. Seijos at least eleven (11) times regarding Plaintiff's debt, despite the fact that Mr. Seijos had nothing to do with Plaintiff's alleged debt.

15. In or around September of 2016, Defendant began placing collection phone calls to Plaintiff's cellular phone at (321) 422-9979. The calls originated from (844) 280-6008, a number that through information and belief, is owned or operated by Defendant.

16. Plaintiff never gave her cellular phone number to Defendant and Defendant did not have express consent to contact Plaintiff on her cellular phone through the use of an automated telephone dialing system ("ATDS").

17. On or about September 2, 2016 at 9:02 am, Plaintiff received a phone call from (844) 280-6008; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an ATDS.
18. Defendant informed Plaintiff that it was attempting to collect a debt.
19. Plaintiff unequivocally revoked consent to be called any further on her cellular phone.
20. Between September 2, 2016 and November 8, 2016, Defendant contacted Plaintiff approximately twenty-eight (28) times after Plaintiff unequivocally revoked consent to be contacted further.
21. Upon information and belief, within the one year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring or engaged Plaintiff in telephone conversations repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff into making payment.
22. Plaintiff uses her cellular phone as his primary means of communication. The repeated and excessive calls made to Plaintiff's cellular phone from Defendant caused Plaintiff severe emotional distress and mental anguish.

## FIRST CAUSE OF ACTION
## VIOLATION OF TCPA, 47 U.S.C. § 227

23. Plaintiff re-alledges and incorporates by reference each proceeding paragraph as though set forth at length herein.
24. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:
    a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice - to any

telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and, as such, Defendant knowingly and/or willfully violated the TCPA.

25. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692

26. Plaintiff re-alledges and incorporates by reference each proceeding paragraph as though set forth at length herein.

27. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

a) Defendant violated 15 U.S.C. §1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

b) Defendant violated 15 U.S.C. §1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

c) Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

d) Defendant violated 15 U.S.C. §1692b(2) by disclosing the fact that Plaintiff owed a debt to her grandfather; and

e) Defendant violated 15 U.S.C. §1692b(3) by communicating with Plaintiff's grandfather more than one time after attempting to acquire location information of Plaintiff.

28. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

29. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## THIRD CAUSE OF ACTION
### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FCCPA §559.72

30. Plaintiff re-alledges and incorporates by reference each proceeding paragraph as though set forth at length herein.

31. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated FCCPA §559.72(7) by communicating with the debtor and the debtor's family members with such frequency that it can be seen as harassing.

## JURY DEMAND

Plaintiff demands a jury trial on all issues triable to a jury.

//

//

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Ashley Seijos, respectfully requests judgment be entered against Defendant, Monarch Recovery Management, Inc., for the following:

A. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);
B. Statutory damages pursuant to 15 U.S.C. §1692k(2);
C. Cost and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(3);
D. Statutory damages and attorney's fees pursuant to the FCCPA §229.77(b).
E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and
F. For such other and further relief as the Court may deem just and proper.

Dated: March 31, 2017

Respectfully Submitted,

By:*/s/ Benjamin H. Crumley*
Benjamin H. Crumley
Florida Bar Number 18284
Crumley & Wolfe, P.A.
2254 Riverside Ave.
Jacksonville, FL 32204
T: 904-374-0111
F: 904-374-0113
E: ben@cwbfl.com
Attorney for Plaintiff,
Ashley Seijos